MARK CHARLES BOWMAN, SBN 143948
KEVIN J. BERRETH, SNB 236759
**BOWMAN & BERRETH**
1820 W. Kettleman Lane, Suite F
Lodi, CA 95242
Tel:  (209) 369-1767
Fax:  (209) 334-6045
mark@bowmanberreth.com
kevin@bowmanberreth.com

Attorneys for Plaintiffs Gina Orihuela-Knott
and Douglas Knott

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA ORIHUELA-KNOTT AND DOUGLAS KNOTT, <br><br> Plaintiffs, <br><br> vs. <br><br> THE SALVATION ARMY, a California Corporation; SYLVAN YOUNG, as an individual and as a management official of THE SALVATION ARMY, and DOES 1 through 10, Inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES; SEXUAL HARASSMENT; RACIAL DISCRIMINATION; HOSTILE WORK ENVIRONMENT <br><br> DEMAND FOR JURY TRIAL |

1.      Plaintiffs, Gina Orihuela-Knott and Douglas Knott, by and through their counsel of record, brings this action to obtain redress for the violation of their federally protected rights as hereinafter fully alleged, and for sexual harassment, racial discrimination, assault, battery, intentional infliction of emotional distress, and invasion of privacy.

## JURISDICTION AND VENUE

2.      Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.  This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e5(f), 28 U.S.C. §§ 1331 and 1343(a)(4).  The Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over claims under the California Fair Employment & Housing Act, Government Code § 12920, et seq., and all State law claims as hereinafter set forth.

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

1

**COMPLAINT FOR DAMAGES**

Knott Complaint

3.      Venue is appropriate in this judicial district under 28 U.S.C.1391(b), because, on

information and belief, Defendant Young resides in this jurisdiction, Defendant The Salvation

Army does business in this jurisdiction, and a substantial part of the events giving rise to this

Complaint occurred within this jurisdiction.

## THE PARTIES

4.      Plaintiff, Gina Orihuela-Knott (hereinafter "Gina Knott"), is an individual female residing

in San Joaquin County, California.  At the time of the events complained of in this Complaint,

Gina Knott was employed by The Salvation Army working at the Stockton Adult Rehabilitation

Center ("Stockton ARC").

5.      Plaintiff, Douglas Knott (hereinafter "Doug Knott"), is an individual male married to

Gina Knott residing in San Joaquin County, California.  Doug Knott is currently employed by

The Salvation Army working at Stockton ARC.

6.      Defendant, Sylvan Young (hereinafter "Young" or "Major Young"), is an individual male

residing, on information and belief, in San Joaquin County, California.  At the time of the events

complained of in this Complaint, Young was employed by The Salvation Army, Stockton ARC.

7.      Defendant, The Salvation Army (hereinafter "TSA"), is a California corporation with

Corps locations throughout California including Stockton, San Joaquin County.  The Salvation

Army is a religious non-profit which operates facilities intended to help the poor and

disadvantaged with material resources and preach the Gospel.  TSA employed Young at the time

of the events complained of in this Complaint.

## FACTUAL BACKGROUND

8.      Gina Knott was hired by the Salvation Army, Stockton ARC, in June 2011 as a retail

manager.  Throughout Gina Knott's employment with TSA, she was well liked by her co-

workers and received approving job reviews which stated, among other compliments, that she "is

outstanding," "great attitude and energetic," "pro-active and enthusiastic," and "strives to be the

best."  Gina Knott believed in the mission of the TSA and believed that helping those less

fortunate made her job particularly rewarding.  She believed – based upon the stated Mission and

Employee Handbook of TSA – that she would be working in an employment environment that

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

**COMPLAINT FOR DAMAGES**

Knott Complaint

was respectful, charitable, encouraging, and above all, Christ-like.  TSA represents to its employees that:

> "Its ministry is motivated by the love of God. Its mission is to preach the gospel of Jesus Christ and to meet human needs in His name *without discrimination*."

> "The Salvation Army strictly prohibits its personnel from engaging in unlawful acts of harassment.  It applies to such behavior a *zero tolerance policy* so as to protect, and show respect for the rights of others …"

> "Each member of management is responsible for creating an atmosphere free of discrimination and harassment, sexual or otherwise."

9.      Gina Knott was a retail manager for six years at Stockton ARC and enjoyed superior employee evaluations until her hostile work environment became so intolerable that she resigned on September 26, 2017.  On August 30, 2017, Major Young was transferred to Stockton ARC by TSA from Victorville and became Gina Knott's immediate supervisor.  When Gina Knott returned from her vacation on September 5, 2017, the following incidents occurred within the next two weeks:

10.     On September 13, 2017, Major Young initiated lengthy physical contact with Gina Knott's knee and thigh using his own leg while seated next to her at an employee lunch.  Despite her efforts to move away, he repeatedly initiated contact with her thigh.  In the course of the rubbing, Gina Knott's skirt was ripped.

11.     Major Young required Gina Knott to go to lunch alone with Young.  He engaged in a lengthy questioning of Gina Knott about her stepchildren, why she had not had children of her own, and if Mrs. and Mr. Knott were currently trying to have children.  The questions were of a private, sensitive nature, inquiring of Gina Knott's sexual activities and prompting her to speak about her multiple miscarriages.

12.     On September 15, 2017, while berating Gina Knott seated in his office, Major Young violated Gina Knott's personal space by breathing heavily on her neck and face.  He yelled, "It's a yes or no answer!" and " 'I don't know' is not an answer!"  Major Young stood up, bringing his hip and genital area close to Gina Knott's face and brushing his crotch against her shoulder.

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

**COMPLAINT FOR DAMAGES**

Knott Complaint

Gina Knott jumped up and left crying.  During this contact, Major Young displayed a penile erection visible through his pants.

13.     Desiree Razon, the acting human resources employee at Stockton ARC, saw Gina Knott leaving Major Young's office and asked, "Are you okay?"  Gina Knott told Ms. Razon "he has an erection."  In response to Gina Knott's complaint to TSA's HR representative, TSA took no action concerning Young's conduct.

14.     Major Young's conduct is in direct violation of TSA's Anti-Harassment Policy, which expressly prohibits:

   a)     Unwelcome sexual advances and other verbal or physical conduct of a sexual or otherwise offensive nature.

   b)     Offensive comments, jokes, innuendos and other sexually-oriented statements including:

   - Touching, such as rubbing or massaging or brushing against another's body
   - Sexually suggestive touching
   - Violating someone's "personal space"
   * * *
   - Sitting or gesturing sexually
   - Sexually-oriented or explicit remarks, including references to sexual conduct, gossip regarding one's sex life, body, sexual activities, deficiencies or prowess
   - Questions about one's sex life or experiences

15.     Gina Knott was a subordinate employee to Major Young, who engaged in unwanted verbal and physical conduct of a sexual nature directed to Gina Knott.  Gina Knott advised Stockton's HR contact, Desiree Razon, as well as other co-workers – including two other captains – that Major Young had sexually touched her.  Gina Knott's complaint was never addressed by TSA.

16.     Major Young stated, "The women around here need to respect the man at this center and know their place."  Young discriminated against Gina Knott by taking away her overtime hours, but continuing to give the male workers overtime hours.  Major Young had told Gina Knott that no one would have overtime.  Nonetheless, male production staff continued to work six days a week with overtime.  Young's new rule was only enforced against female employees, including Gina Knott.  Gina Knott reported this to Desiree Razon, in human resources.  TSA took no action regarding Gina Knott's complaint.

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
L O D I ,  C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

**COMPLAINT FOR DAMAGES**

Knott Complaint

17.     Major Young initiated a new directive requiring the female staff to clean both male and female employee, beneficiary, and customer bathrooms as well as the main store, production, and break rooms. The new directive was not applied equally to male staff. Major Young told Gina Knott that women needed to lift the heavy items by themselves, even though there were elderly female employees. Major Young told Gina Knott that they all signed the job duties paperwork to lift 50 pounds by themselves. When Gina Knott responded with concern that one of her elderly co-workers had a hip replacement, Major Young yelled at Gina Knott saying, "Are you listening? I don't care how old she is, she needs to lift like all the men around here!" Young's requirement of elderly female employee was designed to punish women and specifically intended to cause Gina Knott apprehension, fear and intimidation by a male over a female.

18.     Major Young repeatedly and publically stated his strong disregard and disrespect for women. He threatened women, including Gina Knott, disparately treating women including, but not limited to, requiring that all female subordinate store managers give up their Monday and have Wednesday's off (split weekend). The men retained split days off.

19.     Young publically announced on more than one occasion about his "war wall" and how "everything we do here is for the men." Young made statements such as, "it isn't a man's job to clean restrooms, that is a woman's job" and that drivers were "not to help any of those women inside the stores" as well as "I don't give a rats ass, it is their job. If they can't handle it then they can go work somewhere else."

20.     Gina Knott was subjected to repeated and unwanted harassing conduct because she was female. Gina Knott considered her work environment at TSA to be hostile and abusive. Not only did Young engage in hostile and harassing conduct, but other Salvation Army supervisors were also aware of the hostile and abusive work environment created by Young and, however, failed to take immediate and appropriate corrective action. Gina Knott was harmed and the conduct was a substantial factor in causing Gina Knott harm.

21.     In addition to unwanted sexual touching and disparate treatment as a female, Major Young used his large stature, physical appearance, and position of authority to intimidate and cause emotional distress to Gina Knott by yelling, berating, belittling, and invading her personal

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

COMPLAINT FOR DAMAGES

Knott Complaint

1  space when doing so.  This caused Gina Knott to cry at work immediately following the

2  unwanted treatment.  Gina Knott has also been diagnosed with anxiety, PTSD, and depression as

3  a result of the hostile work environment at TSA.  Prior to Major Young's transfer to Stockton

4  ARC, Gina Knott did not lack in her ability to do her job nor require a significant mental health

5  treatment.

6  22.     Major Young's conduct caused Gina Knott to suffer severe emotional distress.  Major

7  Young acted with reckless disregard that Gina Knott would suffer emotional distress.  Major

8  Young's conduct was a substantial factor in causing her severe emotional distress.

9  23.     Gina Knott objected to Major Young's permissive treatment of a registered sex offender

10 working at Stockton ARC.  Young removed the restrictions on the sex offender employee by

11 allowing him access to TSA vehicles, beneficiaries' homes, TSA surveillance equipment, and

12 unsupervised time at TSA's stores and replacing Gina Knott as the TSA Emergency contact for

13 the store managers.  Instead of addressing her concerns, Young threatened Gina Knott with

14 discipline if she ever complained about the registered sex offender working at Stockton ARC.

15 Specifically, Young threatened Gina Knott that if she or any employee mentioned the sex

16 offender, she would be terminated immediately.  He told Gina Knott and others it was okay for

17 the sex offender to be in the store, bathrooms and center around women and children and that it

18 was also okay for him to have access to cameras and alarm systems for stores.  Before Major

19 Young arrived, the sex offender was not allowed in TSA stores nor had any access to TSA

20 surveillance equipment.

21 24.     Gina Knott has been an employee of The Salvation Army for over six years.  She was

22 subjected to sexual harassment, racial discrimination and hostile work environment only after

23 Major Young had been transferred to Stockton ARC.  At least two TSA officers who knew

24 Young before he was transferred from Victorville to Stockton were aware that Major Young had

25 a reputation "for controlling, intimidating, and threatening his peers, co-workers, staff, and

26 customers."  Young's reputation was severe and widespread enough to cause three TSA

27 employees to quit before Major Young even started at Stockton ARC.  Despite having

28 knowledge of Young's conduct, TSA failed to take reasonable steps to prevent the harassment,

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
L O D I ,  C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

**COMPLAINT FOR DAMAGES**

Knott Complaint

1  discrimination, and hostile work environment.  Gina Knott was harmed and TSA's failure to take

2  all reasonable steps, despite numerous complaints, to prevent harassment, discrimination, and

3  retaliation was a substantial factor in causing Gina Knott's severe emotional distress and harm.

4  25.      On another occasion, Major Young stated to Gina Knott, "You need to turn in your keys

5  to my office because people like you like to steal items or read confidential stuff."  He demanded

6  that Gina Knott relinquish Stockton ARC facility's office keys, with which she had previously

7  been entrusted and frequently used to assist in the administration of Stockton ARC.  Gina Knott

8  construed Young's comment to be racially discriminatory and harassing towards her Mexican

9  ethnicity.  Major Young also wears a black Iron Cross ring which Knott and co-workers

10  construed as being pro-Nazi. Gina Knott was subjected to unwanted harassing conduct because

11  she was of Mexican ethnicity.

12  26.      Major Young initiated a course of action against Gina Knott, including demoting her

13  from managerial duties, preventing her from earning compensation commensurate with her

14  experience and ability, failing to provide her with work assignments and repeatedly engaged in

15  belittling and criticizing Gina Knott, all without employment justification and in the presence of

16  others.  In addition, other adverse employment actions taken by Young against Gina Knott

17  included removing administrative tasks previously performed by Gina Knott before Young's

18  arrival at Stockton ARC, e.g., writing and/or scanning purchase orders, e-mailing Advisory

19  Board Members, attending Advisory Board meetings and taking notes, preparing paperwork and

20  packets for meetings, holding cash in her office safe, using the Home Depot credit card, acting in

21  a HR capacity when Desiree Razon was out of the office or sick, scanning bills, attending

22  Chamber of Commerce meetings, fairs, or social networking events, planning the Alumni

23  Banquet, processing mail, processing car sales, handling pink slips, scanning deposits, making

24  deposits, hiring new employees, making name badges, input Chapel deposits, handing out

25  gratuity checks or money, ordering supplies, managing the alarm system, handling store issues on

26  days off, assisting with accident/incident reports, handling Sedgwick, and dealing with vendors

27  such as Ted Food Service, Sysco, Mike's Towing and Diesel Performance.  The hostile work

28  environment was severe and pervasive.  A reasonable person in Gina Knott's circumstances

BOWMAN & BERRETH
1820 W. KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

7

**COMPLAINT FOR DAMAGES**

Knott Complaint

1   would have considered the work environment to be hostile or abusive, and in fact, Gina Knott

2   considered the work environment to be hostile and abusive.  Not only did a TSA supervisor

3   engage in hostile and harassing conduct, but other officers at TSA and HR also knew of Young's

4   conduct and failed to take immediate and appropriate corrective action.  Gina Knott was harmed

5   and the conduct was a substantial factor in causing Gina Knott's harm.

6   27.    On September 5, 2017, Major Young questioned Mrs. and Mr. Knott together extensively

7   about their religious, personal, familial, financial, and military service details.  Major Young

8   asked them personal questions that they felt forced to answer because Young was an officer in

9   authority.  He asked, "How many kids do you have?" "Where do they live?" "How long have

10  you been married?" "Do you have kids together" and "are you trying?"  He questioned their

11  religious faith.  He asked them how long they had known each other and where they met.  Major

12  Young was particularly inquisitive about Gina Knott's previous employment at Victoria's Secret,

13  a women's lingerie store.  Nothing in Major Young's questions related to job performance.  At

14  the end of these questions, the Knotts felt violated.  They wanted to object to Major Young's

15  questions, but felt that Major Young would retaliate if they did.  Also, Major Young violated

16  TSA policy by placing, in clear view of co-workers, the wages and pay of staff members

17  including the Knotts and informed staff that Gina Knott had previously been moved to an hourly

18  rather than salaried position.

19  28.    The Knotts had a reasonable expectation of privacy at their job with TSA.  Major Young

20  intentionally intruded on their personal and familial life, as well as disclosed their personal

21  financial information to co-workers.  Major Young's intrusion would be highly offensive to a

22  reasonable person; the Knotts were harmed; and Major Young's conduct was a substantial factor

23  in causing the Knott's harm.  Major Young's goal was to elicit private information from the

24  Knotts and disclose their financial information to others.

25  29.    TSA was aware, prior to his transfer from Victorville to Stockton ARC, that Major

26  Young was "controlling, intimidating, and threatening."  TSA has repeatedly transferred officers

27  that engage in unlawful harassing or discriminatory conduct to new locations instead of

28  preventing the officers from engaging in unlawful conduct or disciplining the officers.  On

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

8

COMPLAINT FOR DAMAGES

Knott Complaint

numerous occasions, Gina Knott and other co-workers reported Major Young's conduct to human resources at Stockton ARC as well as TSA Western Territory, but there was no response or effort to address their concerns. TSA was aware that Major Young was a risk to co-workers and beneficiaries yet took no corrective action that would have prevented injury to Mr. and Mrs. Knott. The Salvation Army's negligence in supervising Major Young was a substantial factor in causing harm to Mr. and Mrs. Knott.

30.      Major Young was a supervisor of Gina Knott because he had the authority to hire, transfer, promote, assign, reward, discipline, and discharge Gina Knott; the responsibility to act on Gina Knott's grievances and effectively to recommend action on grievances, as well as the responsibility to direct Gina Knott's daily work activities. Major Young's exercise of this authority or responsibility was not merely routine or clerical, but required the use of independent judgment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31.      Plaintiff Gina Knott has filed separate discrimination charges with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") against Defendants. The EEOC and DFEH issued Plaintiff right to sue letters on each of the charges within 90 days of filing this Complaint.

## FIRST CLAIM FOR RELIEF
(Civil Rights – Title VII – Hostile Work Environment – Harassment
Because of Protected Characteristics Against All Defendants)

32.      For her First Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 31 and incorporates them herein by this reference. She further alleges that:

33.      Plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature, sexual advances and other verbal or physical conduct of a sexual nature.

34.      The conduct was unwelcome.

35.      The conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create a racially and sexually abusive or hostile work environment.

36.      The Plaintiff perceived the working environment to be abusive or hostile.



BOWMAN & BERRETH
1820 W. KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

9

**COMPLAINT FOR DAMAGES**

Knott Complaint

37.     A reasonable women in the Plaintiff's circumstances would consider the working environment to be abusive or hostile.

38.     As a direct result of Defendants' conduct, Plaintiff has suffered economic damages for diminished future earning capacity, counseling, and vocational assistance.

39.     As a result of Defendants' conduct, Gina Knott has suffered, and does continue to suffer, mental suffering, embarrassment, loss of enjoyment of life, grief, anxiety, humiliation, emotional distress, fear, worry, anger, depression, and is distrustful of men and authority figures.

40.     TSA is liable for Young's conduct because a supervisor with immediate or successively higher authority over Gina Knott created a racially and sexually hostile work environment for Gina Knott.  Plaintiff is entitled to compensatory damages under 42 USC § 1981 and attorneys fees pursuant to 42 USC § 1988.

## SECOND CLAIM FOR RELIEF
(Civil Rights – Title VII – Disparate Treatment Against All Defendants)

41.     For her Second Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 40 and incorporates them by this reference.  She further alleges that:

42.     Gina Knott's race, color, and sex were either the sole reason or a motivating factor for the Defendant's decision to discharge, not promote, as well as demote the Plaintiff.

## THIRD CLAIM FOR RELIEF
(Assault Against All Defendants)

43.     For her Third Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 42 and incorporates them by this reference.  She further alleges that:

44.     The conduct herein alleged occurred while Major Young was acting as Gina Knott's supervisor at the Stockton ARC.

45.     In doing the acts as alleged above, Defendant Young intended that, or acted with reckless disregard of the likelihood that, Gina Knott would suffer apprehension of an offensive contact with her person.

46.     As a result of Defendants' acts as alleged above, Plaintiff, in fact, was placed in great apprehension of an offensive contact with her person.

///

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

10

**COMPLAINT FOR DAMAGES**

Knott Complaint

## FOURTH CLAIM FOR RELIEF
(Battery Against Defendant Major Sylvan Young)

47. For her Fourth Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 46 and incorporates them by this reference. She further alleges that:

48. Major Young touched Gina Knott's thighs and legs. His offensive touching consisted of rubbing while using his own leg.

49. At no time did Gina Knott consent to any of Young's physical contact.

50. As a result of Major Young's offensive and unwelcomed physical contact, Gina Knott suffered harm to both her physical and mental being.

51. Any reasonable person put in Gina Knott's position would have been offended by the touching as fully described in this Complaint.

52. In doing the acts as alleged above, Defendant acted with the intent to make a contact with Plaintiff's person.

## FIFTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress Against All Defendants)

53. For her Fifth Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 52 and incorporates them by this reference. She further alleges that:

54. Young's position as supervisor for TSA, and its subordinate affiliates, placed him in a special relationship with Gina Knott.

55. Young's conduct toward Gina Knott occurred within the time and space he supervised Gina Knott's employment. Young's position placed him squarely as an authority figure with respect to Gina Knott's employment. The conduct of Young was made possible only through his employment and supervisor position with TSA.

56. Major Young's conduct as herein alleged were extreme and outrageous. Young's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. Young intended to inflict severe emotional distress on Gina Knott, or acted with reckless disregard of the probability that Gina Knott would suffer emotional distress as a result of his outrageous conduct.

57. Gina Knott did in fact suffer severe emotional distress.

58.     Young's conduct was the cause of Gina Knott's severe emotional distress.

## SIXTH CLAIM FOR RELIEF
(Invasion of Privacy Against All Defendants)

59.     For her Sixth Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 58 and incorporates them by this reference.  She further alleges that:

60.     Major Young's intrusion into Gina Knott's private life would be highly offensive to a reasonable person.

61.     As a result of Major Young's intrusion in Gina Knott's personal space and private life, Gina Knott was suffered harm.  She experienced emotional distress, fear, and anxiety as a result of Young's intrusion.

62.     Young's actions were a substantial factor in causing Gina Knott's harm.

## SEVENTH CLAIM FOR RELIEF
(Respondent Superior Liability Against The Salvation Army)

63.     For her Seventh Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 62 and incorporates them by this reference.  She further alleges that:

64.     Major Young, who was a higher management official of TSA, personally acted with malice or reckless indifference to Gina Knott's federally protected rights.

65.     TSA did not act in a good faith attempt to comply with the law by adopting policies or procedures designed to prohibit a hostile work environment.

66.     TSA failed to promptly and effectively investigate the complaints of Gina Knott and her co-workers and furthermore failed to take prompt and remedial measures to stop the unlawful conduct.

## EIGHTH CLAIM FOR RELIEF
(Strict Liability Against The Salvation Army)

67.     For her Eighth Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 66 and incorporates them by this reference.  She further alleges that:

68.     Young's harassing conduct as TSA's supervisor of Gina Knott, also included "official acts" by TSA on Gina Knott as herein alleged.  TSA made no effort to investigate Gina Knott's complaints; it did not discuss her allegations with Young; it did not demand that the unwelcome

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
L O D I ,  C A  9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

12

COMPLAINT FOR DAMAGES

Knott Complaint

1 | conduct cease; and it did not threaten more serious discipline in the event the harassment

2 | continued. TSA placed virtually all of its remedial burden on the victimized employee. TSA did

3 | not exercise reasonable care to promptly correct the sexually harassing behavior directed at Gina

4 | Knott, and therefore cannot assert an affirmative defense, and is therefore strictly liable for the

5 | hostile environment created by its supervisor.

6 | 69.   TSA is strictly liable for the harm caused to Gina Knott by Major Young.

### NINTH CLAIM FOR RELIEF
(Loss of Consortium Against All Defendants)

70.   For her Ninth Claim for Relief, Plaintiff Gina Knott realleges paragraphs 1 through 69 and incorporates them by this reference. She further alleges that:

71.   Due to Major Young's actions, Doug Knott experienced the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, the loss of the enjoyment of sexual relations and is reasonably certain to continue to suffer in the future.

72.   Gina Knott and Doug Knott will testify that Major Young's actions caused Gina Knott to feel scared and suicidal. She has become distant from her husband, they no longer go on as many dates together, and their socialization at church and other activities have drastically decreased due to fear of seeing Major Young in public and due to Gina Knott's depression and suicidal thoughts. They have grown apart with limited communication often regarding impersonal topics such as the lawsuit or financial struggles now that Gina Knott is not working, they have sexual relations much less often, and when they do, Gina Knott often cries and they have to stop.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For special damages against each Defendant, jointly and severally, for loss of earnings, and treatment expenses;

2. For general damages against each Defendant in excess of $3,000,000 jointly and severally, in the amount proven at trial;

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
L O D I , C A 9 5 2 4 2
Phone (209) 367-1767
Fax (209) 334-6045

13

**COMPLAINT FOR DAMAGES**

Knott Complaint

3. For punitive and exemplary damages against each Defendant, allowed by law, in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4. For costs and reasonable attorney's fees pursuant to Title 42 U.S.C. § 2000e-5(k), California Government Code § 12965(b), and as otherwise authorized by statute or law;

5. For interest and costs of suit incurred herein; and

6. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to FRCP 38.

Respectfully submitted,

**BOWMAN & BERRETH**

Dated: April 27, 2018                    By: _____

Mark Charles Bowman,
Attorneys for Gina Orihuela-Knott and
Douglas Knott

BOWMAN & BERRETH
1820 W  KETTLEMAN LN, STE F
LODI, CA 95242
Phone (209) 367-1767
Fax (209) 334-6045

14

**COMPLAINT FOR DAMAGES**

Knott Complaint